# In the United States Court of Federal Claims

No. 15-1291V
(Filed: September 20, 2018)[1]

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | | National Childhood Vaccine Injury Act; 42 U.S.C. § 300aa-15(e); Attorneys' Fees and Costs; Reasonable Basis for Claim; Voluntary Dismissal; Impending Statute of Limitations. |
| SUSAN COTTINGHAM,            Petitioner, | * * * * * | |
| v. | * * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * * * | |
| Respondent. | * * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

Andrew Donald Downing, Van Cott & Talamante, PLLC, 3030 N. Third Street, Suite 790, Phoenix, AZ 85012, for Petitioner.

Chad A. Readler, C. Salvatore D'Alessio, Catharine E. Reeves, and Ann D. Martin, United States Department of Justice, Civil Division, Torts Branch, P.O. Box 146, Benjamin Franklin Station, Washington, D.C. 20044, for Respondent.

---

**OPINION**

---

**WILLIAMS**, Judge.

This matter comes before the Court on Respondent's motion for review requesting that this Court vacate its Opinion and the Special Master's Decision on remand and reinstate the Special Master's decision denying attorneys' fees and costs based upon Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632 (Fed. Cir. 2017). For the reasons stated below, Respondent's motion is granted in part.

**Background**

On October 30, 2015, Susan Cottingham filed a petition for compensation under the Vaccine Act on behalf of her minor daughter, K.C. The petition sought compensation for three

---

[1] Pursuant to Vaccine Rule 18 of the Rules of the United States Court of Federal Claims, the Court issued its Opinion under seal to provide the parties an opportunity to submit redactions. The parties did not propose any redactions. Accordingly, the Court publishes this Opinion.

injuries allegedly resulting from K.C.'s receipt of a human-papillomavirus ("HPV") vaccine on July 5, 2012, when she was 14 years old: (1) chronic headaches that allegedly began on November 1, 2012 (nearly four months after vaccination); (2) two instances of fainting, including one episode on March 29, 2013 (nearly nine months after vaccination) and another on May 23, 2013 (over 10 months after vaccination); and (3) menstrual problems that allegedly started in "the latter part of 2013" (about 18 months after vaccination).

Petitioner had first contacted counsel on May 15, 2015, and according to time sheets, counsel first requested K.C.'s medical records on June 17, 2015, from her pediatrician and gynecologist. Over the next five months, counsel for Petitioner requested and obtained medical records from K.C.'s pediatrician, orthopedist, physical therapist, urgent care provider, and gynecologist. Pet'r's Exs. 3-7. On October 28, 2015, counsel obtained a sworn statement from K.C. in which she describes when she began experiencing "regular weekly headaches," low grade fevers, dizziness, near black-outs, and menstrual problems. Based on his review of the medical records collected at that point, counsel was of the opinion that the onset of K.C.'s vaccine-caused injury occurred on November 1, 2012, when K.C. developed "regular weekly headaches," and that the applicable statute of limitations therefore expired on November 1, 2015. Counsel filed the petition on October 30, 2015, two days prior to the expiration of the statute of limitations. At the time of filing, counsel did not yet have Petitioner's records from Children's of Alabama, or additional records from University of Alabama Department of Obstetrics and Gynecology.

By March 15, 2016, counsel had collected and filed all relevant medical records. On March 28, 2016, the Special Master conducted a status conference. During the discussion, Respondent's counsel "noted that reasonable basis for bringing the case may not be present for petitioner." Order (Mar. 28, 2016). "Acknowledg[ing] the reasonable basis issue," Petitioner's counsel requested and was granted an opportunity to review the case with a medical expert and file a supporting expert report. Id. Petitioner was ordered to file a status report within 30 days "on progress toward locating an expert or alternative directions for the case." Id.

On April 8, 2016, Petitioner's counsel contacted a potential expert, Dr. Nemechek. On April 26, 2016, Petitioner requested an extension of time to retain an expert and to file an expert report, stating that "she sent her file out for review by an expert, but the expert requires additional time to complete the review." See Order (Apr. 27, 2016). On May 16, 2016, and May 24, 2016, Petitioner's counsel had follow-up calls with Dr. Nemechek. On May 27, 2016, Petitioner requested a second extension of time, citing counsel's need to conduct a follow-up call with his client after his calls with Dr. Nemechek. See Order (June 3, 2016). The Special Master granted these extensions. On June 15, 2016, after the June 10, 2016 deadline for Petitioner to file a status report regarding her attempt to obtain an expert passed with no action by Petitioner, the Special Master filed a Scheduling Order directing Petitioner to immediately file a motion for extension, or an expert or status report. That deadline passed with no action by Petitioner. On June 28, 2016, the Special Master ordered Petitioner to show cause as to why her case should not be dismissed for failure to prosecute and/or for failure to comply with the Special Master's orders.

On August 3, 2016, Petitioner's counsel contacted a second potential expert, Dr. Lee. On August 26, 2016, Petitioner filed her response to the Order to Show Cause, stating that she had been "attempting to secure an expert to opine in this matter," and that she had secured an expert

who reviewed the claim but had ultimately been unable to offer an opinion. Pet'r's Resp. to Show Cause Order 1. Petitioner stated that she "wish[ed] to continue to pursue her vaccine claim" and that she was attempting to locate another expert. Id. Petitioner was granted until September 23, 2016, to secure another expert. Order (Aug. 30, 2016). On August 30, 2016, Petitioner's counsel corresponded via email with Dr. Lee. On September 20, 2016, and September 22, 2016, Petitioner's counsel had follow-up calls with Dr. Lee. Petitioner's deadline to secure another expert was extended until October 7, 2016, as counsel had met with Dr. Lee and was waiting to speak with his client to "discuss how she would like to proceed." Order (Sept. 26, 2016). Ultimately, Petitioner was unable to submit any expert opinion supporting her claim. On October 7, 2016, Petitioner filed a motion for a decision dismissing her petition, and the Special Master issued an unpublished decision denying compensation on October 13, 2016.

On October 26, 2016, Petitioner filed a motion seeking attorneys' fees and costs in the amount of $11,468.77. Respondent objected, contending that the record did not support a finding that "there was a reasonable basis for the claim for which the petition was brought," as required for an award of fees in unsuccessful cases. See 42 U.S.C. § 300aa-15(e)(1) (2012). Petitioner replied, and cited the special master's decision in Simmons v. Sec'y of Health & Human Servs., No. 13-825V, 2016 WL 2621070, at *3 (Fed. Cl. Spec. Mstr. Apr. 14, 2016), for the proposition that "leaving Petitioner to obtain new counsel or to file pro se with a looming statute of limitations deadline would be tantamount to an ethical violation." See Pet.'r's Reply 4. Respondent filed a Notice of Additional Authority on November 28, 2016, advising the Special Master that the United States Court of Federal Claims reversed the Simmons decision on October 12, 2016. See Simmons v. Sec'y of Health & Human Servs., 128 Fed. Cl. 579 (2016).

On March 30, 2017, the Special Master issued his initial decision denying Petitioner's request for attorneys' fees and costs on the ground that Petitioner failed to establish a reasonable basis for her claim. In reaching this conclusion, the Special Master considered the "reasonable basis" issue under two alternative standards. First, he applied an evidence-based standard, stating that he preferred this objective test because the "Vaccine Act suggests that the reasonable basis standard is fulfilled (or not fulfilled) by measuring the evidence submitted in support of 'the claim for which the petition was brought.'" Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs., No. 15-1291, 2017 WL 1476242, at *10 (Fed. Cl. Spec. Mstr. Mar. 30, 2017) ("Cottingham I"). The Special Master reasoned: "[a]ctions of an attorney are not evidence. Even an attorney's decision to file a petition shortly before the (perceived) expiration of the statute of limitation is not evidence that affects the merit of the 'claim for which the petition was brought.'" Id. at *9. The Special Master found that the medical records included "no evidence to support the Petition's vaguely asserted claims that the HPV vaccination caused K.C.'s headaches, fainting, or menstrual problems" and that Petitioner did not present an opinion from a retained expert supporting the contention that a vaccination harmed K.C. Id. at *11. The Special Master ultimately concluded that "[t]his lack of evidence means there is no reasonable basis for the petition." Id.

In addition, recognizing that "[s]ome non-binding precedent indicates that the actions of an attorney should be considered in examining whether there is a reasonable basis for the claim for which the petition was brought," the Special Master separately considered the issue under a totality of the circumstances standard and found that petitioner also failed to establish reasonable basis under this legal construct. Id. at *11-15. The Special Master ultimately concluded that the

3

choice of standards did not matter in this case because Petitioner failed to establish a reasonable basis for filing the petition under either analysis. Id. at *10. On April 7, 2017, Petitioner filed a motion for reconsideration, which the Special Master denied on April 20, 2017. Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs., No. 15-1291, 2017 WL 2209904 (Fed. Cl. Spec. Mstr. Apr. 20, 2017).

On April 27, 2017, Petitioner filed a motion for review of the Special Master's initial decision and his decision denying reconsideration. This Court found that the Special Master erred when he determined that some key allegations in K.C.'s affidavit were inconsistent with the medical records and relied upon these inconsistencies in concluding that Petitioner's claim lacked a reasonable basis. Cottingham v. Sec'y of Health & Human Servs., 134 Fed. Cl. 567 (2017) ("Cottingham II"). The Court also directed the Special Master to reconsider whether the law supported his conclusion that the large temporal gaps between K.C.'s vaccination and the onset of her alleged vaccine-related injuries (four months for headaches, nine and 10 months for fainting, and 18 months for menstrual problems) weighed against a finding of reasonable basis on this record. In addition, this Court stated that the "Special Master erred in failing to consider the impending statute of limitations as a factor weighing in favor of a reasonable basis finding." Id. at 578. The Court concluded: "Where an impending statute of limitations forced counsel to choose between preventing a Vaccine Act claimant from pursuing a potentially viable claim, or filing a complaint without a complete set of medical records and expert analysis, counsel acted prudently in preserving his client's rights." Id. The Court ultimately vacated the Special Master's decision denying attorneys' fees and costs, and remanded the case to the Special Master to "apply a totality of the circumstances standard and reassess whether Petitioner's claim had a reasonable basis at the time the petition was filed and at intervals when additional evidence became available to Petitioner's counsel thereafter." Id.

On November 7, 2017, while the case was pending before the Special Master on remand, the United States Court of Appeals for the Federal Circuit issued Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632 (Fed. Cir. 2017) and held that an imminent running of the statute of limitations was not a proper factor to be considered in assessing whether a Vaccine Act claim has a reasonable basis. The Federal Circuit reasoned:

> The Vaccine Act provides that there must be a "reasonable basis for the claim for which the petition was brought" before the special master may exercise her discretion in awarding attorneys' fees. 42 U.S.C. § 300aa-15(e)(1) (emphasis added). Whether there is a looming statute of limitations deadline, however, has no bearing on whether there is a reasonable factual basis "for the claim" raised in the petition. That is an objective inquiry unrelated to counsel's conduct. Although an impending statute of limitations deadline may relate to whether "the petition was brought in good faith" by counsel, the deadline does not provide a reasonable basis for the merits of the petitioner's claim.

Id. at 636. The Court of Appeals concluded that "counsel may not use this impending statute of limitations deadline to establish a reasonable basis for [petitioner's] claim." Id. Because in Simmons the only factor supporting a conclusion that there was a reasonable basis for the

petitioner's claim was the impending statute of limitations deadline, the Federal Circuit determined that the Special Master "abused her discretion by misapplying the law." Id.

Following the Federal Circuit's decision in Simmons, the Special Master awarded fees and noted that "Simmons does not affect the undersigned's analysis because the Court's October 12, 2017 Opinion remains binding." Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs., No. 15-1291V, 2017 WL 6816709, at *6 n.3 (Fed. Cl. Spec. Mstr. Dec. 12, 2017) ("Cottingham III") (citing Strickland v. United States, 423 F.3d 1335, 1338, n.3 (Fed. Cir. 2005)).

## Discussion

On January 10, 2018, Respondent filed a motion for review arguing that this Court should vacate its Opinion in light of the Court of Appeals' decision in Simmons, vacate the Special Master's remand decision, and reinstate the Special Master's original decision denying attorneys' fees and costs. Respondent argues that this Court erred in its September 17, 2017 Opinion by rejecting the evidence-based standard to assess whether petitioner met the reasonable-basis requirement for an award of attorneys' fees and costs. Petitioner argues that both this Court's September 18, 2017 Opinion and the Special Master's decision on remand are in full compliance with applicable law, including the Federal Circuit's decision in Simmons.

This Court's decision remanding this matter to the Special Master contains language that does not comport with the Federal Circuit's subsequent decision in Simmons. This Court addressed the impending statute of limitations in this case as follows:

> Petitioner is correct that an impending statute of limitations should play a role in a reasonable basis determination. Chuisano, 116 Fed. Cl. at 287 ("[T]he statute of limitations is a factor that may affect the reasonable basis analysis in appropriate circumstances."). The Special Master erred in failing to consider the impending statute of limitations as a factor weighing in favor of a reasonable basis finding. See Recons. Dec. *6. In addressing Petitioner's objections on his finding of a lack of temporal proximity, the Special Master, in his reconsideration decision, found that Petitioner's argument regarding filing on "'the eve of the statute of limitations' depend[ed] upon assuming the accuracy of [K.C.'s] affidavit's allegation that K.C. started having 'regular weekly headaches' on November 1, 2012." Id. However, the Special Master found this assumption "highly questionable" in light of "discrepancies" he saw between K.C.'s sworn statement and contemporaneous medical records. Id. As noted above, the Special Master erred in finding inconsistencies and in concluding that counsel should have discredited K.C.'s complaints of her injuries. In the absence of medical records directly contradicting K.C.'s statements, Petitioner's counsel reasonably credited his client's complaints and, facing an imminent expiration of the statute of limitations, included them in the petition for vaccine compensation. Where an impending statute of limitations forced counsel to choose between preventing a Vaccine Act claimant from pursuing a potentially viable claim, or filing a complaint without a complete set of medical records and expert analysis, counsel acted prudently in preserving his client's rights.

5

Cottingham II, 134 Fed. Cl. at 578 (alterations in original).

In Simmons, the Court of Appeals held:

> The Vaccine Act provides that there must be a "reasonable basis <u>for the claim</u> for which the petition was brought" before the special master may exercise her discretion in awarding attorneys' fees. 42 U.S.C. § 300aa–15(e)(1) (emphasis added). Whether there is a looming statute of limitations deadline, however, has no bearing on whether there is a reasonable factual basis "for the claim" raised in the petition. That is an objective inquiry unrelated to counsel's conduct.

Simmons, 875 F.3d at 636.

In its decision remanding the case, this Court did consider the looming statute of limitations deadline and counsel's conduct in acting to protect his client's rights in the absence of a full set of medical records. However, unlike in Simmons, this Court did not solely rely upon the impending statute of limitations and conduct of counsel in analyzing the Special Master's determination regarding whether there was a reasonable basis for Petitioner's claim. This Court looked to the evidence of record and held that, "in finding K.C.'s medical records did not support 'recurring headaches,' the Special Master discounted K.C.'s sworn statement, finding that it lacked credibility." This Court found that "[t]he allegation that K.C. suffered from recurring headaches was based on counsel's reasonable reliance on contemporaneous medical records documenting K.C.'s headaches in late November 2012 and on January 31, 2013." Aside from the impending statute of limitations and counsel's conduct, this Court found that there was evidence, including medical records and testimony, which the Special Master failed to consider in his reasonable basis analysis. Specifically, this Court held:

> Regarding Petitioner's claim for fainting, the Special Master found that the "Vestavia Pediatrics records further undermine the reasonableness of the claim" because they attributed both fainting episodes to underlying causes unrelated to K.C.'s receiving the Gardasil vaccine. Fee Dec. *14. Regarding Petitioner's claim of menstrual problems, the Special Master stated that the Vestavia Pediatrics records "again call into question the assertions in the petition," as there is no evidence that K.C. was having menstrual difficulties at either her 2013 or 2014 check-up, as the first evidence that K.C. had begun missing her period was a nurse's note dated May 14, 2015. Id. However, the absence of a reference to a condition in a medical record is much less significant than a reference which negates the existence of the condition. See Murphy v. Sec'y of Health & Human Servs., 23 Cl. Ct. 726, 733, aff'd, 968 F.2d 1266 (Fed. Cir. 1992). Here, the medical records do not negate the existence of K.C.'s headaches, fainting, or menstrual problems. To the contrary, the medical records mention these conditions. Nor do the medical records contradict K.C.'s testimony. Cf. Cucuras v. Sec'y of Dep't of Health & Human Servs., 993 F.2d 1525, 1528 (Fed. Cir. 1993). To interpret these medical records to vitiate any reasonable basis for the claim places too onerous a burden on counsel at the pleading stage, and is inconsistent with the Vaccine Act's policy that

"close calls regarding causation are resolved in favor of injured claimants." <u>Althen</u>, 418 F.3d at 1280.

> In her sworn statement, K.C. explained why she had failed to report her headaches and dizziness on other occasions --- she was a high school student afraid that reporting these conditions might prevent her from going to band camp, a reasonable fear for a girl that age. Contrary to the Special Master's finding, for purposes of assessing the reasonable basis of Petitioner's claim, the medical records referenced K.C.'s injuries consistently with her and her mother's sworn statements, and her counsel reasonably credited their sworn statements that K.C. suffered from recurrent headaches, fainting, and menstrual problems. Insisting that an injured claimant's testimony precisely mesh with medical records is too exacting a standard to apply in assessing whether a claim has a reasonable basis.

<u>Cottingham II</u>, 134 Fed. Cl. at 575-76.

In his decision on remand, the Special Master interpreted this Court's above-quoted language to mean:

> In further defining the "totality of the circumstance," the Court indicated that an affidavit from a petitioner does not need to "precisely mesh with medical records" to support a finding of reasonable basis. The Court also indicated that special masters may not expect petitioners to support the temporal sequence with either evidence or precedent.
>
> Under this standard, Ms. Cottingham satisfies the reasonable basis standard. K.C.'s affidavit, alone, justifies this result. In reaching this conclusion, the undersigned does not consider the discrepancies between the affidavit and K.C.'s medical records. The undersigned also does not consider that the latency between the vaccination and the onset of K.C.'s headaches or fainting or menstrual difficulties. K.C.'s affidavit, by itself, carries Ms. Cottingham's burden to establish a reasonable basis. Ms. Cottingham is eligible for an award of attorneys' fees and costs.

<u>Cottingham III</u>, 2017 WL 6816709, at *6.

Contrary to the Special Master's determination however, this Court did not find that K.C.'s affidavit alone would suffice to establish a finding of a reasonable basis. Rather, this Court held that the medical records could be reconciled with the relevant testimony, and the two were not necessarily inconsistent. The reasonable basis requirement is "objective, looking not at the likelihood of success but more to the feasibility of the claim." <u>Di Roma v. Sec'y of the Dep't of Health & Human Servs.</u>, No. 90-3277, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Because the Special Master did not have the opportunity to consider the import of <u>Simmons</u> and misinterpreted this Court's decision regarding the probative value of a petitioner's affidavit standing alone, the Court remands the matter to the Special Master for a reassessment of whether the claim had a reasonable basis. On remand, the Special Master shall, consistent with <u>Simmons</u>,

7

analyze whether the evidence alone was sufficient for finding a reasonable basis for Petitioner's claim, without considering the conduct of counsel or the impending statute of limitations.

### Conclusion

Respondent's motion for review is **GRANTED IN PART.**

In light of Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632 (Fed. Cir. 2017), this Court vacates its decision of September 18, 2017, and the Special Master's decision of December 12, 2017, and remands this matter to the Special Master for a reasonable basis determination.

The Court denies Respondent's request to reinstate the Special Master's decision of March 30, 2017.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**