# In the United States Court of Federal Claims

### No. 15-1291V
### (Filed: December 27, 2018)[1]

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * | |
| * | **National Childhood Vaccine** |
| **SUSAN COTTINGHAM, on behalf of**   * | **Injury Act; 42 U.S.C. § 300aa-** |
| **her minor child, K.C.,**   * | **15(e); Attorneys' Fees and Costs;** |
| **Petitioner,**   * | **Reasonable Basis for Claim;** |
| * | **Voluntary Dismissal; Impending** |
| **v.**   * | **Statute of Limitations.** |
| * | |
| **SECRETARY OF HEALTH AND**   * | |
| **HUMAN SERVICES,**   * | |
| * | |
| **Respondent.**   * | |
| * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | |

Andrew Donald Downing, Van Cott & Talamante, PLLC, 3030 N. Third Street, Suite 790, Phoenix, AZ 85012, for Petitioner.

Chad A. Readler, C. Salvatore D'Alessio, Catharine E. Reeves, Ann D. Martin, and Voris E. Johnson, United States Department of Justice, Civil Division, Torts Branch, P.O. Box 146, Benjamin Franklin Station, Washington, D.C. 20044, for Respondent.

_____

## OPINION

_____

**WILLIAMS**, Senior Judge.

This is the third opinion by this Court on the issue of whether Petitioner, who voluntarily dismissed her Vaccine Act petition, had a reasonable basis for her claim and is entitled to her attorneys' fees and costs. For the reasons stated below, the Court sustains the Special Master's decision denying fees and costs.

### Background

On October 30, 2015, Susan Cottingham filed a petition for compensation under the Vaccine Act on behalf of her minor daughter, K.C. The petition sought compensation for three

_____

[1]   Pursuant to Vaccine Rule 18 of the Rules of the United States Court of Federal Claims, the Court issued its Opinion under seal to provide the parties an opportunity to submit redactions. The parties did not propose any redactions. Accordingly, the Court publishes this Opinion.

injuries allegedly resulting from K.C.'s receipt of a human-papillomavirus ("HPV") vaccine on July 5, 2012, when she was 14 years old - - chronic headaches, two instances of fainting, and menstrual problems.

Petitioner first contacted counsel on May 15, 2015.  Over the next five months, counsel for Petitioner obtained medical records from K.C.'s pediatrician, orthopedist, physical therapist, urgent care provider, and gynecologist.  Pet'r's Exs. 3-7.  On October 28, 2015, counsel obtained a sworn statement from K.C. describing that approximately four months after she received the vaccine, she began experiencing "regular weekly headaches," low grade fevers, dizziness, near black-outs, and menstrual problems.  Based on his review of the medical records collected as of mid-October 2015, Petitioner's counsel was of the opinion that the onset of K.C.'s vaccine-caused injury occurred on November 1, 2012, and that the applicable statute of limitations would expire on November 1, 2015.  Counsel filed the petition on October 30, 2015, two days prior to the expiration of the statute of limitations.  At the time of filing, counsel did not yet have Petitioner's records from Children's of Alabama, or additional records from the University of Alabama Department of Obstetrics and Gynecology.

By March 15, 2016, Petitioner's counsel had filed all relevant medical records.  On March 28, 2016, the Special Master conducted a status conference, and Respondent's counsel "noted that reasonable basis for bringing the case may not be present for petitioner."  Order (Mar. 28, 2016).  "Acknowledg[ing] the reasonable basis issue," Petitioner's counsel requested an opportunity to review the case with a medical expert and file a supporting expert report.  Id.  Petitioner was ordered to file a status report within 30 days.  Id.

Between April and October 2016, Petitioner's counsel contacted two potential experts, and the Special Master granted Petitioner several extensions of time to submit an expert report.  Ultimately, Petitioner was unable to submit any expert opinion supporting her claim.  On October 7, 2016, Petitioner filed a motion to dismiss her petition, and the Special Master issued a decision denying compensation on October 13, 2016.

On October 26, 2016, Petitioner filed a motion seeking attorneys' fees and costs in the amount of $11,468.77 and on March 30, 2017, the Special Master denied this fee request, finding that Petitioner failed to establish a reasonable basis for her claim.  In reaching this conclusion, the Special Master considered the "reasonable basis" issue under two alternative standards - - an evidence-based standard and a "totality of the circumstances" standard.  Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs., No. 15-1291, 2017 WL 1476242, at *10-11 (Fed. Cl. Spec. Mstr. Mar. 30, 2017).  The Special Master reasoned: "[a]ctions of an attorney are not evidence.  Even an attorney's decision to file a petition shortly before the (perceived) expiration of the statute of limitation is not evidence that affects the merit of the 'claim for which the petition was brought.'"  Id. at *9.  The Special Master found that the medical records included "no evidence to support the petition's vaguely asserted claims that the HPV vaccination caused K.C.'s headaches, fainting, or menstrual problems" and that Petitioner did not present an opinion from a retained expert supporting the contention that a vaccination harmed K.C.  Id. at *11.

Recognizing that "[s]ome non-binding precedent indicates that the actions of an attorney should be considered in examining whether there is a reasonable basis for the claim," the Special Master separately addressed the totality of the circumstances standard and found that Petitioner also failed to establish a reasonable basis under this legal construct.  Id. at *11-15.  Petitioner

sought reconsideration, and the Special Master denied that motion.  Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs., No. 15-1291, 2017 WL 2209904 (Fed. Cl. Spec. Mstr. Apr. 20, 2017).

On April 27, 2017, Petitioner filed a motion for review.  In a September 18, 2017 decision,[2] this Court stated that the Special Master erred in failing to consider the impending statute of limitations as a factor weighing in favor of a reasonable basis finding.  Cottingham v. Sec'y of Health & Human Servs., 134 Fed. Cl. 567, 578 (2017).  This Court stated:

> [w]here an impending statute of limitations forced counsel to choose between preventing a Vaccine Act claimant from pursuing a potentially viable claim, or filing a complaint without a complete set of medical records and expert analysis, counsel acted prudently in preserving his client's rights.

Id.  This Court vacated the Special Master's decision denying attorneys' fees and costs, and remanded the case to the Special Master to "apply a totality of the circumstances standard and reassess whether Petitioner's claim had a reasonable basis at the time the petition was filed and at intervals when additional evidence became available to Petitioner's counsel thereafter."  Id.

On November 7, 2017, while the case was pending before the Special Master on remand, the United States Court of Appeals for the Federal Circuit issued Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632 (Fed. Cir. 2017) and held that an imminent running of the statute of limitations was not a proper factor to be considered in assessing whether a Vaccine Act claim has a reasonable basis.  The Federal Circuit reasoned:

> The Vaccine Act provides that there must be a "reasonable basis for the claim for which the petition was brought" before the special master may exercise her discretion in awarding attorneys' fees.  42 U.S.C. § 300aa-15(e)(1) (emphasis added).  Whether there is a looming statute of limitations deadline, however, has no bearing on whether there is a reasonable factual basis "for the claim" raised in the petition.  That is an objective inquiry unrelated to counsel's conduct.  Although an impending statute of limitations deadline may relate to whether "the petition was brought in good faith" by counsel, the deadline does not provide a reasonable basis for the merits of the petitioner's claim.

Id. at 636.

Despite the Federal Circuit's decision in Simmons, the Special Master awarded fees in this case, stating that Simmons did not affect his analysis because this Court's October 12, 2017 Opinion "remain[ed] binding."  Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs., No. 15-1291V, 2017 WL 6816709, at *6 n.3 (Fed. Cl. Spec. Mstr. Dec. 12, 2017) (citing Strickland v. United States, 423 F.3d 1335, 1338, n.3 (Fed. Cir. 2005)).

On January 10, 2018, Respondent filed a motion for review arguing that in light of Simmons, this Court should vacate both its October 12, 2017 Opinion and the Special Master's remand decision, and reinstate the Special Master's original decision denying attorneys' fees and

---

[2]        The public version of this decision was filed on October 12, 2017.

costs.  In a May 31, 2018 decision,[3] this Court found the Federal Circuit's rationale in <u>Simmons</u> governs this case and that this Court's earlier remand decision contained language that did not comport with the Federal Circuit's subsequent holding in <u>Simmons</u>.  <u>Cottingham v. Sec'y of Health & Human Servs.</u>, 139 Fed. Cl. 88, 92 (2018).  This Court also found that the Special Master on remand had misinterpreted this Court's findings on the probative value of Petitioner's affidavit and Petitioner's medical records.  This Court remanded this matter to the Special Master to reassess whether there was a reasonable basis for Petitioner's claim in accordance with <u>Simmons</u>, based on the evidence alone, without considering the impending statute of limitations.  <u>Id.</u> at 94.

On June 20, 2018, the Special Master issued a third decision on the fee petition, finding that there was no reasonable basis for Petitioner's claim.  <u>Cottingham on behalf of K.C. v. Sec'y of Health & Human Servs.</u>, No. 15-1291V, 2018 WL 3432638, at *1 (Fed. Cl. Spec. Mstr. June 20, 2018).  The Special Master found that Petitioner did not provide any evidence that K.C.'s injuries - - headaches, fainting, and menstrual problems - - were caused by her vaccination.  The Special Master noted that Petitioner provided no medical record containing a treating doctor's opinion that K.C.'s injuries were associated with the vaccine and no expert opinion supporting this theory, despite consulting two experts.  <u>Id.</u> at *5.  The Special Master concluded that this lack of evidence meant that there was no reasonable basis for the petition and found that Petitioner was not eligible for a fee award.  <u>Id.</u>

## Discussion

Petitioner argues that the Special Master committed two errors in his decision denying attorneys' fees and costs: 1) that the Special Master misinterpreted <u>Simmons</u> by imposing an evidence-based test in place of a totality-of-the-circumstances analysis, and 2) that the Special Master improperly elevated Petitioner's burden of proof for establishing reasonable basis.

Petitioner has not demonstrated that the Special Master misinterpreted <u>Simmons</u>.  The Court in <u>Simmons</u> was presented with a narrow issue - - whether an imminent statute of limitations deadline could be considered in assessing whether the petitioner's claim had a reasonable basis.  The Court clearly and firmly stated that such deadline could not be considered:

> Whether there is a looming statute of limitations deadline, however, has no bearing on whether there is a reasonable factual basis "for the claim" raised in the petition.  That is an objective inquiry unrelated to counsel's conduct.

<u>Simmons</u>, 875 F.3d at 636.

In assessing reasonable basis, the Court of Appeals did not prohibit consideration of the evidence supporting the claim.  On the contrary, the <u>Simmons</u> Court affirmed the Court of Federal Claims' rationale for finding that there was no reasonable basis for the petitioner's claim, and quoted the trial court's reference to the lack of evidence:

> [i]n particular, the Claims Court noted that "[c]ounsel failed to produce any evidence, at the time the petition was filed or in the five months before the special master dismissed the case for failure to prosecute, to support the claim that petitioner suffered from GBS caused by his flu vaccine."  Further, the Claims Court

---

[3]      The public version of this decision was filed on September 20, 2018.

held that "[t]he fact that the statute of limitations was about to expire did not excuse counsel's obligation to show he had some basis for the claim beyond his conversation with the petitioner."

Id. at 634 (quoting Simmons v. Sec'y of Health & Human Servs., 128 Fed. Cl. 579, 583-84 (2016)) (internal citations omitted) (alterations in original).  Thus, under Simmons, a special master may consider the evidence a petitioner provided, such as medical records and affidavits, in determining whether a reasonable basis for the claim exists.  As the Court of Federal Claims has recognized, this type of inquiry is consistent with the Vaccine Act's requirement that a petition must be filed with evidence of an injury.  See Carter v. Sec'y of Health & Human Servs., 132 Fed. Cl. 372, 380 (2017) (stating that Section 11 of the Vaccine Act "expressly requires a petition to be filed with evidence of injury").

Petitioner also argues that the Special Master contradicted this Court's finding in its original remand decision in concluding that Petitioner failed to provide sufficient evidence to support a reasonable basis for her claim.  Contrary to Petitioner's argument, this Court did not reassess the sufficiency of Petitioner's proffered evidence or find that Petitioner had in fact provided sufficient evidence to demonstrate that her claim had a reasonable basis.

Finally, Petitioner argues that the Special Master imposed too high a burden of proof to establish reasonable basis "by expanding it into a causation analysis."  Pet'r's Mot. 7.  The Special Master, however, did not require Petitioner to satisfy the Althen factors or otherwise demonstrate causation in fact.  Rather, in concluding that Petitioner's claim lacked a reasonable basis, the Special Master focused on the lack of evidence in Petitioner's medical records and the treating physicians' diagnoses, along with the absence of any expert opinion or supporting medical literature.  See generally, Bekiaris v. Sec'y of Health & Human Servs., No. 14-750V, 2018 WL 4908000, at *5 (Fed. Cl. Sept. 25, 2018) ("[T]he quantum of evidence of causation to show reasonable basis is markedly less than that needed to prove entitlement.").

## Conclusion

Petitioner's motion for review is **DENIED**.

The Clerk shall not disclose this decision publicly for 14 days.

s/Mary Ellen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Senior Judge**