# In the United States Court of Federal Claims

No. 15-1291
(Filed Under Seal: March 28, 2022)
(Reissued: April 20, 2022)[1]

```
*****************************************
KASEY COTTINGHAM,                      *
                                       *
            Petitioner,                *
                                       *
      v.                               *       Vaccine Act; Attorneys' Fees;
                                       *       Reasonable Basis.
SECRETARY OF HEALTH                    *
AND HUMAN SERVICES,                    *
                                       *
            Respondent.                *
*****************************************
```

*Andrew D. Downing*, Van Cott & Talamante, PLLC, Phoenix, AZ, for Petitioner.

*Voris Johnson*, U.S. Department of Justice, Civil Division, Washington, DC, for Respondent.

### OPINION AND ORDER

**DIETZ, Judge.**

      In 2015, Petitioner filed and subsequently voluntarily dismissed her petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act"), 42 U.S.C. § 300aa-10, *et seq*. This is the fifth opinion by this Court on the issue of whether Petitioner had a reasonable basis for filing her claim and is thus entitled to attorneys' fees and costs. Under review is the Special Master's denial of attorneys' fees. Petitioner argues that the Special Master held Petitioner to a heightened reasonable basis standard. For the reasons below, the Special Master's decision is sustained. Petitioner's motion for review is **DENIED**.

## I.    BACKGROUND

      The facts and extensive procedural history of this case are set forth exhaustively in the Special Master's most recent opinion. *See Cottingham v. Sec'y of Health & Hum. Servs.*, 2021

---

[1] Pursuant to Vaccine Rule 18(b) of the Rules of the United States Court of Federal Claims, the Court issued this Opinion and Order under seal on March 28, 2022, and provided the parties fourteen days to propose redactions. *See* ECF No. 129. The parties did not propose any redactions. Accordingly, the Court reissues this Opinion and Order without redactions.

WL 6881248, at *1-16 (Fed. Cl. Sp. Mstr. Sept. 27, 2021). The Court will recite them briefly here.

On October 30, 2015, Susan Cottingham filed a petition for compensation under the Vaccine Act on behalf of her daughter, Kasey Cottingham ("Petitioner"). *See* ECF No. 1. Petitioner alleged that she experienced adverse reactions after receiving the Gardasil® human-papillomavirus ("HPV") vaccine on July 5, 2012. *Id.* at 1. Specifically, Petitioner claimed that the HPV vaccine caused: (1) weekly headaches beginning November 1, 2012; (2) two episodes of fainting on March 29, 2013, and May 23, 2013; and (3) menstrual problems in the latter part of 2013. *Id.* ¶¶ 4-9. After filing the petition, Petitioner submitted medical records that roughly aligned with Petitioner's account of her symptoms. *See, e.g.*, ECF No. 8-3 at 87 (headaches "off and [on] all week" on November 30, 2012); *id.* at 80 (dizziness and fainting on March 29, 2013); *id.* at 175 (no menstrual cycle for six months in May 2015). Petitioner's counsel was unable to secure a favorable expert medical opinion after contacting two experts. *See* ECF No. 38 at 6-7. On October 7, 2016, Petitioner filed a motion for a decision dismissing the petition, which the Special Master granted. ECF Nos. 33-34.

On October 26, 2016, Petitioner filed a motion for attorneys' fees and costs that has now resulted in eleven total decisions between the Special Master, this Court, and the Federal Circuit. In what may now be considered the "early" stages of the litigation over this motion, Petitioner's request for fees was volleyed between the Special Master and this Court until the Special Master's third decision—a denial of Petitioner's request for fees—was affirmed by this Court. In that decision, the Special Master held that Petitioner had no reasonable basis for filing the petition because she produced "no evidence to support the petition's vaguely asserted claims that the HPV vaccine caused" Petitioner's symptoms. *Cottingham on Behalf of K.C. v. Sec'y of Health & Hum. Servs.*, 2018 WL 3432638, at *5 (Fed. Cl. Sp. Mstr. June 20, 2018).

On appeal, the Federal Circuit vacated and remanded the Special Master's decision. *Cottingham on Behalf of K.C. v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1348 (Fed. Cir. 2020). The Federal Circuit found that Petitioner's medical records in combination with the vaccine package insert—which identifies headache, dizziness, and fainting as potential adverse reactions—"constitute at minimum circumstantial, objective evidence supporting causation." *Id.* at 1346. Thus, the Federal Circuit held that the Special Master abused his discretion because his decision rested on the clearly erroneous finding of fact that Petitioner had produced "no evidence" to support her claim. *Id.* at 1347. The Federal Circuit limited its holding to this narrow conclusion, noting that it "make[s] no determination on the weight of the objective evidence in the record or whether that evidence establishes reasonable basis, for these are factual findings for the Special Master and not this court." *Id.*

On remand from the Federal Circuit, the Special Master again denied attorneys' fees. *See Cottingham v. Sec'y of Health & Hum. Servs.*, 2021 WL 347020 (Fed. Cl. Spec. Mstr. Jan. 7, 2021). In analyzing the Federal Circuit's guidance that "Petitioner must point to evidence of causation," *Cottingham*, 971 F.3d at 1346, the Special Master utilized the three-prong test for causation set forth in *Althen v. Sec'y of Health & Hum. Servs.*, 418 F.3d 1274 (Fed. Cir. 2005).

2

*See Cottingham*, 2021 WL 347020, at *16. His denial of fees was largely based on his finding that Petitioner failed to present evidence to meet *Althen* prong two because she did not "file a statement from a treating doctor or qualified expert indicating that the vaccination harmed the vaccinee[.]" *Id.* at *18. This conclusion was rendered erroneous the next day by the Federal Circuit's decision in *James-Cornelius on Behalf of E.J. v. Sec'y of Health & Hum. Servs.*, 984 F.3d 1374, 1379 (Fed. Cir. 2021), which held that "absence of an express medical opinion on causation is not necessarily dispositive of whether a claim has a reasonable basis[.]" Accordingly, this Court again remanded to the Special Master. *See Cottingham v. Sec'y of Health & Hum. Servs.*, 154 Fed. Cl. 790, 798 (2021).

We thus arrive at the decision presently on review before the Court: an 83-page opinion from the Special Master in which he again denies attorneys' fees. *See Cottingham*, 2021 WL 6881248, at *1. The Special Master explains that "[t]he main reason Ms. Cottingham's case lacks a reasonable basis is that the latency between the vaccination and the onset of any health conditions was approximately four months at the shortest." *Id.* at *53. He further identifies, as contributing factors, the lack of a diagnosis of a unifying syndrome and the presence of alternative causes of Petitioner's symptoms. *Id.* at *54. In reaching his conclusion, the Special Master utilized the *Althen* prongs "for structure" and considered Petitioner's objective evidence, including affidavits, medical records, medical articles, and the vaccine package insert. *See id.* at *52.

Petitioner filed a motion for review, arguing that the Special Master erred "by holding Petitioner to an elevated reasonable basis standard." Pet'r's Mem. in Support of Mot. for Review at 5, ECF No. 120 [hereinafter Pet'r Mem.]. The Court held argument on March 7, 2022.

## II.   STANDARD OF REVIEW

The Court of Federal Claims has jurisdiction under the Vaccine Act to review a special master's decision. 42 U.S.C. § 300aa-12(e)(2). On review, this Court may:

> (A)   uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

> (B)   set aside any findings of fact or conclusion of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of fact and conclusions of law, or

> (C)   remand the petition to the special master for further action in accordance with the court's discretion.

*Id.* § 300aa-12(e)(2).

This Court reviews a special master's findings of fact under the arbitrary and capricious standard and discretionary rulings under the abuse of discretion standard. *Turner v. Sec'y of*

*Health & Hum. Servs.*, 268 F.3d 1334, 1337 (Fed. Cir. 2001). A special master's factual findings are entitled to deference. *Hines on behalf of Sevier v. Sec'y of Health & Hum. Servs.*, 940 F.2d 1518, 1528 (Fed. Cir. 1991). "If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Id.* Legal questions, on the other hand, are reviewed *de novo*. *Munn v. Sec'y of Health & Hum. Servs.*, 970 F.2d 863, 873 (Fed. Cir. 1992).

## III.  DISCUSSION

Under the Vaccine Act, "when a petitioner is denied compensation for a claim, she may still obtain compensation to cover reasonable attorneys' fees and other costs 'if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.'" *James-Cornelius*, 984 F.3d at 1379 (quoting 42 U.S.C. § 300aa-15(e)(1)). A petitioner who establishes both good faith and a reasonable basis is eligible for, but not entitled to, an award of attorneys' fees, as "a special master retains discretion to grant or deny attorneys' fees." *Id.*; *see* 42 U.S.C. § 300aa-15(e)(1)(B) ("[T]he special master *may* award . . . reasonable attorneys' fees and other costs[.]" (emphasis added)). Petitioner's good faith has not been challenged in this case, and thus only Petitioner's reasonable basis for bringing the claim is at issue. *See Cottingham*, 2021 WL 6881248, at *17.

Reasonable basis "is an objective test, satisfied through objective evidence." *Cottingham*, 971 F.3d at 1344. When evaluating whether a petitioner had a reasonable basis for bringing a claim, this Court looks to "the totality of the circumstances going to the merits of the claim, including the factual basis of the claim, medical support, and jurisdictional issues." *Bekiaris v. Sec'y of Health & Hum. Servs.*, 140 Fed. Cl. 108, 112 (2018); *see also Cottingham*, 971 F.3d at 1344. To establish reasonable basis, a petitioner's objective evidence must support each "necessary element of a petition," including, as relevant here, "a causal relationship between the administration of the vaccine and [the petitioner's] injuries." *Cottingham*, 971 F.3d at 1346 (citing 42 U.S.C. § 300aa-11(c)(1)(C)(ii)). Subjective considerations, such as an impending statute of limitations or an attorney's conduct, do not factor into a reasonable basis analysis. *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017). Accordingly, a special master's consideration of subjective factors or failure to consider objective evidence constitutes an abuse of discretion. *Cottingham*, 971 F.3d at 1345.

Though the Federal Circuit has clarified the type of evidence to be considered in a reasonable basis analysis, "the specific amount and quality of evidence necessary to constitute a reasonable basis remains undefined." *Wirtshafter v. United States*, 155 Fed. Cl. 665, 672 (2021). The Federal Circuit has provided the less-than-precise guidance that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis. *Cottingham*, 971 F.3d at 1346; *see also James-Cornelius*, 984 F.3d at 1379 (explaining that "the quantum of evidence needed to establish reasonable basis for a claim, including causation, is lower than the preponderant evidence standard required to prove entitlement to compensation, but more than a mere scintilla" (quotations omitted)).

This formulation does not appear to define reasonable basis so much as set its outer bounds. That is to say, a petitioner does not automatically satisfy the reasonable basis standard by producing "more than a mere scintilla" of evidence in support of a claim; the Federal Circuit's statement that a special master "could" find reasonable basis based upon more than a mere scintilla does not mandate such a finding. *See Cottingham*, 971 F.3d at 1346. On the other end of the spectrum, a special master cannot apply a reasonable basis standard that too closely approaches that of preponderant evidence. *See James-Cornelius*, 984 F.3d at 1379. Accordingly, a determination of reasonable basis may rest upon objective evidence ranging from a mere scintilla to a preponderance. In practice, the quantum of evidence required is likely closer to a mere scintilla than it is to a preponderance, as the reasonable basis standard "looks not at the likelihood of success of a claim but more to the feasibility of the claim." *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014); *see also Bekiaris*, 140 Fed. Cl. at 115 ("[I]t can be said with confidence that the quantum of evidence of causation to show reasonable basis is markedly less than that needed to prove entitlement."). Still, such a test leaves a special master with a range within which the special master, as the fact finder, determines whether the quantum and quality of evidence in a case establishes a petitioner's reasonable basis for bringing the claim. *But see Wirtshafter*, 155 Fed. Cl. at 672 (stating that the reasonable basis standard "require[s] no more than *some* evidence" (emphasis added) (quotations omitted)).

### A.    The Special Master Applied the Correct Legal Standard

Turning to the present case, the Special Master did not err in his legal conclusion that Petitioner's evidence, though more than a mere scintilla, does not mandate a finding of reasonable basis. *See Cottingham*, 2021 WL 6881248, at *24. The question is not whether Petitioner's evidence has crossed the "mere scintilla" threshold, as Petitioner would have it. *See* Pet'r Mem. at 22. Otherwise, the Federal Circuit's holding in this case that Petitioner's medical records in combination with the package insert "constitute at minimum circumstantial, objective evidence" would end the inquiry. *See Cottingham*, 971 F.3d at 1346. The Federal Circuit explicitly stated that its ruling was not dispositive on the issue of reasonable basis, as determinations on "the weight of the objective evidence [and] whether that evidence establishes reasonable basis . . . are factual findings for the Special Master[.]" *Id.* at 1347. In accordance with the Federal Circuit's decision, the Special Master acknowledged that various pieces of objective evidence submitted by Petitioner constitute at least "some evidence that is consistent with a finding of causation." *Cottingham*, 2021 WL 6881248, at *36. The Special Master then assessed the evidence and evaluated whether it was sufficient to form a reasonable basis for bringing the claim. This was an appropriate exercise for the Special Master, as factfinder, under the reasonable basis test.

Additionally, the Special Master did not commit legal error by using the *Althen* prongs as the framework within which to evaluate Petitioner's objective evidence for the causation element of her claim. Petitioner argues that the Special Master's use of the *Althen* prongs—a three-part test for causation governing entitlement to compensation in a vaccine case involving an "off-

5

Table injury"[2]—impermissibly elevated the reasonable basis standard and conflicts with the "totality of the circumstances" test. *See* Pet'r Mem. at 23. But, as may be inferred from the Federal Circuit's opinion in this case, reasonable basis and entitlement to compensation differ only in the level of proof required, not in their elements. In *Cottingham*, the Federal Circuit listed the five "necessary element[s] of a petition" under the Vaccine Act and suggested that evidence of each is required to establish reasonable basis. *Cottingham*, 971 F.3d at 1346 (citing 42 U.S.C. § 300aa-11(c)(1)). Further, the Vaccine Act requires a petitioner to demonstrate each of these same elements by a preponderance of the evidence to establish entitlement to compensation. 42 U.S.C. § 300aa-13(a)(1). Thus, though the burdens of proof differ, the elements of reasonable basis and entitlement are intrinsically linked. This is logical, as a petitioner has no reasonable basis to bring a claim that is facially devoid—or insurmountably deficient, as the case may be— with respect to an element necessary to establish entitlement. *See Goodgame v. Sec'y of Health & Hum. Servs.*, 157 Fed. Cl. 62, 68 (2021) ("[A] claim that on its face . . . is not supported by the materials required by the Vaccine Act for a special master to be able legally to award compensation does not have a reasonable basis.").

This framework demonstrates that the test for reasonable basis incorporates the elements of entitlement, including, as relevant here, causation. *See Cottingham*, 971 F.3d at 1346 ("Cottingham must point to evidence of a causal relationship . . . to establish that a reasonable basis for the claim existed when the petition was filed."). In the vaccine injury context, causation is defined by the *Althen* prongs. *Moberly ex rel. Moberly v. Sec'y of Health & Hum. Servs.*, 592 F.3d 1315, 1321-22 (Fed. Cir. 2010). By extension, the *Althen* prongs may provide at least some definitional context to causation in a reasonable basis analysis.

The Special Master made such use of *Althen* in this case, stating that he "borrow[ed] from the [*Althen*] structure," while simultaneously acknowledging the diminished standard required to establish reasonable basis. *Cottingham*, 2021 WL 6881248, at *44. He then made only a single specific reference to an *Althen* prong during his evaluation of Petitioner's evidence on causation, stating that a lack of evidence under *Althen* prong two, though not dispositive, "cut against a finding of reasonable basis." *Id.* at *48. This comports with the totality of the circumstances test, as such a test does not eschew all consideration of individual factors in favor of a formless approach but rather requires a weighing of factors "within the context of all other factors that are relevant to the inquiry." *Crawford v. Dep't of the Army*, 718 F.3d 1361, 1366-67 (Fed. Cir. 2013) ("As with any test that considers the totality of the circumstances, certain factors cannot be singled out as dispositive without first weighing all of the other potentially competing factors.

---

[2] The Vaccine Act provides two ways for a petitioner to establish causation. *Munn*, 970 F.2d at 865. A petitioner may demonstrate causation through a statutorily prescribed presumption upon a showing that the alleged injury is one listed in the Vaccine Injury Table (the "Table"). 42 U.S.C. § 300aa-14. When the alleged injury is not listed—an "off-Table injury"—the petitioner must prove "causation-in-fact" by a preponderance of the evidence. *See* 42 U.S.C. §§ 300aa-11(c)(1)(C)(ii); *Lampe v. v. Sec'y of Health & Hum. Servs.*, 219 F.3d 1357,1360 (Fed. Cir. 2000). To prove causation for an off-Table injury under *Althen*, a Petitioner must demonstrate: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." *Althen*, 418 F.3d at 1278.

This is not to say that in some cases an individual factor cannot prove dispositive."). Thus, though a discussion of *Althen* is not required in every reasonable basis analysis, the Special Master's use here was appropriate and did not elevate his reasonable basis analysis into an entitlement analysis.

### B.     The Special Master's Decision was not Arbitrary, Capricious, or an Abuse of Discretion

In its opinion in this case, the Federal Circuit held that Petitioner is required to "point to evidence of a causal relationship between the administration of the vaccine and her injuries in order to establish that a reasonable basis for the claim existed when the petition was filed." *Cottingham*, 971 F.3d at 1346. Simply pointing to evidence, however, is not sufficient, as an evaluation of "the weight of the objective evidence [and] whether that evidence establishes reasonable basis . . . are factual findings for the Special Master." *Id.* at 1347. Based on his evaluation of the evidence, the Special Master ruled that Petitioner did not have a reasonable basis for her claim. Affording deference to the Special Master's factual findings, the Court finds that the Special Master appropriately considered the evidence and reached a rational conclusion. *See Hines*, 940 F.2d at 1528 ("If the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate."). The Court, therefore, sustains the Special Master's denial of attorneys' fees.

It is not this Court's role to "reweigh the factual evidence, assess whether the special master correctly evaluated the evidence, or examine the probative value of the evidence or credibility of the witnesses—these are all matters within the purview of the fact finder." *Porter v. Sec'y of Health & Hum. Servs.*, 663 F.3d 1242, 1249 (Fed. Cir. 2011). In accordance with the instruction from the Federal Circuit, the Special Master conducted a thorough evaluation of the vaccine package insert in combination with Petitioner's medical records, affidavits, and medical literature. *See Cottingham*, 2021 WL 6881248, at *34-43. The Special Master reached some notable conclusions with respect to the reliability and weight of this evidence. First, the Special Master noted that although Petitioner's medical records and the vaccine package insert match with respect to some of the types of symptoms Petitioner experienced, the timing of the onset of Petitioner's symptoms differs substantially from that listed on the package insert. *See id.* at *31-33. Second, the Special Master took as true Petitioner's affidavit, except with respect to her account of near blackouts, which he found "highly impossible" based on its inconsistency with the medical records. *See id.* at *37-38. Third, the Special Master found that the medical articles submitted by Petitioner were of little evidentiary value due to their "methodological limitations" and limited applicability to Petitioner's claim. *See id.* at *43.

The Special Master's evaluation of the evidence, though perhaps more probing than Petitioner might have expected under the reasonable basis standard, did not impermissibly elevate the standard. The reasonable basis standard does not require a special master to accept evidence at face value; otherwise, this becomes a box-checking exercise in which fees are awarded so long as a petitioner submits an affidavit and medical records demonstrating that, at

some point after receiving a vaccine, the petitioner suffered from an adverse medical condition. This would render meaningless the Federal Circuit's instruction that the Special Master was to weigh the evidence and determine whether it met the reasonable basis standard. *See Cottingham*, 971 F.3d at 1346. Here, the Special Master identified several facial deficiencies in Petitioner's evidence, including inconsistencies between Petitioner's affidavit and medical records, and the delayed onset of symptoms.

Given the facial weaknesses of the other objective evidence in the case, a more extensive analysis of, in particular, the medical literature was not an abuse of discretion. As the Special Master noted, other petitioners that have put forth the medical literature at issue in this case have prevailed on fees. *See Cottingham*, 2021 WL 6881248, at *43 n.29 (citing *Balasco v. Sec'y of Health & Hum. Servs.*, 2020 WL 2461911 (Fed. Cl. Spec. Mstr. Apr. 16, 2020); *Combs v. Sec'y of Health & Hum. Servs.*, 2018 WL 2772218 (Fed. Cl. Spec. Mstr. Apr. 23, 2018)). Petitioners in those cases, however, "made a stronger evidentiary showing," including expert reports based on the articles. *Cottingham*, 2021 WL 6881248, at *43 n.29. In this case, to determine whether the literature might mitigate or exacerbate the deficiencies in the other objective evidence, the Special Master extensively analyzed the reliability of the medical literature and its applicability to Petitioner's reasonable basis. Under the totality of the circumstances test, such an exercise was rational and not an abuse of discretion.

In his analysis, the Special Master cited to several entitlement cases which were decided after the instant case was filed and in which the medical literature at issue here was found to be unpersuasive. *See Cottingham*, 2021 WL 6881248, at *42-43. The Court agrees with Petitioner that this portion of the Special Master's decision is problematic, s*ee* Pet'r Mem. at 5-6; however, the Court finds that this does not rise to the level of an abuse of discretion. Entitlement cases decided after a petition is filed should have no bearing on whether a petitioner had "a reasonable basis for the claim existed *when the petition was filed*." *Cottingham*, 971 F.3d at 1346 (emphasis added). The Special Master did not use these cases, however, to find that Petitioner lacked a reasonable basis *because* other cases have found the medical literature unreliable. Rather, he used the case reports to support his underlying rationale for assigning little weight to the articles: that the "articles present a series of case reports," which "provide little, if any, value to an analysis of causation." *Cottingham*, 2021 WL 6881248, at *43. In support of this proposition, the Special Master cited to multiple cased decided before Petitioner's case. *See id.* (collecting cases). In other words, the Special Master could have (and should have) reached the same conclusion on the "methodological limitations" and weight of the literature without referencing cases decided multiple years after Petitioner filed her petition.

Based upon his evaluation of all the evidence, the Special Master reached a rational conclusion that Petitioner provided insufficient evidence to establish a reasonable basis for filing her petition. *See Cottingham*, 2021 WL 6881248, at *52. In doing so, the Special Master focused primarily on the "latency between the vaccination and the onset of any health conditions," which was "approximately four months at the shortest." *Id.* at *53. The Special Master found that this latency was well beyond a reasonable time compared to the warnings on the package insert, which indicate, for example, that headaches may occur within two weeks of vaccination or that

8

there is a risk of fainting within fifteen minutes of vaccination. *Id.* at 49-50. Notably, despite the Special Master's thorough analysis of Petitioner's affidavit and medical records, he reached this conclusion taking Petitioner's timeline of events as true. *See id.* In other words, Petitioner's objective evidence, on its face, did not establish reasonable basis. The medical literature, found by the Special Master to be of little evidentiary value, could not overcome this deficiency.

In sum, the Special Master applied the appropriate standard, considered the relevant evidence, and reached rational factual determinations. The Court understands the impulse to believe that an 83-page opinion must have overstepped the low threshold of reasonable basis and delved too far into the evidence presented. However, given the extensive procedural history of this case, one can hardly fault the Special Master for giving a comprehensive explanation of his reasoning. The Court sustains the Special Master's decision.

## IV.    CONCLUSION

For the reasons stated above, the Court finds that the Special Master's decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. Petitioner's motion for review of the Special Master's decision is **DENIED**. The Special Master's decision of September 27, 2021, is **SUSTAINED**. The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

s/ Thompson M. Dietz
THOMPSON M. DIETZ, Judge